

**ORDERED in the Southern District of Florida on May 06, 2010.**

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT IF FLORIDA
MIAMI DIVISION

In Re:  **CASE NO. 10-15889-BKC-AJC**

DANIEL NUVOLOSO,  **CHAPTER 7**

    Debtor.
_____/

### ORDER DENYING DEBTORS MOTION FOR CONTEMPT

THIS CAUSE came before the Court for hearing on April 27, 2010 at 2:30 PM upon the Debtor's *Amended Motion for Contempt for Violation of the Automatic Stay Against Unsecured Creditor George H. Vina* (CP 21). The Court reviewed the Motion and Response to the Motion, heard argument of counsel for the Debtor and for George H. Vina (Vina) and considered the parties' post-hearing proposed decisions. Upon consideration, the Court being fully advised, the motion is denied.

The motion seeks sanctions against Vina, who serves as a state court receiver of the assets of Home Health Nursing Service, Inc. (Home Health). Vina was appointed the Receiver of Home Health by Order of the Circuit Court, Miami-Dade County, Florida in furtherance of an

1

order for alimony and support granted to Debtor's former spouse. The Debtor in this case holds stock in Home Health and apparently believes that the automatic stay imposed by 11 U.S.C. §362 in this case extends to Home Health, preventing Vina from acting as Receiver of Home Health. The Debtor's belief is mistaken.

The assets of this estate, to which section 362 applies, do not directly include the assets of Home Health, which are presently subject to the Receiver's control. Only the corporate stock of Home Health is an asset of the estate. The automatic stay of section 362 of the Bankruptcy Code does not operate as a stay of any claims against a non-debtor corporate entity. Home Health is not a debtor. No bankruptcy petition has been filed for or against that entity.

A petition under 11 U.S.C. §301 does not operate as a stay of a civil proceeding against a debtor for the collection of a domestic support obligation from property that is not property of the estate. 11 U.S.C. § 362(b)(B). Home Health is a separate entity than the Debtor in this case and its assets are not assets of this estate. Debtor's former spouse is a creditor of this Debtor who is enforcing her claim through the court ordered receivership. Indeed, counsel for the former spouse and the Trustee have communicated regarding Vina's continued service as Receiver in accordance with the Receivership Order, and the Trustee has no opposition to Vina continuing his service imposed by the Receivership Order, including collecting his fees.

Vina appropriately and lawfully continues as Receiver and his conduct does not violate the automatic stay imposed by §362 of the Bankruptcy Code. Thus, it is

**ORDERED:**

1. The Debtor's *Amended Motion for Contempt for Violation of the Automatic Stay Against Unsecured Creditor George H. Vina* (CP 21) is **DENIED.** The Debtor does

not have standing to seek relief against Vina for violation of the automatic stay provisions of 11 U.S.C. § 362.

###

Copies furnished to:

Martin L. Sandler, Florida Bar No.: 0070370
SANDLER & SANDLER By M.L. Sandler, P.A.
*Counsel for Vina*
P.O. Box 402727, Miami Beach, FL 33140
T: 305-379-6655 / F: 786-472-7077
E: martin@sandler-sandler.com

Upon receipt of this order, Attorney Sandler is directed to immediately serve a conformed copy of this order in accordance with Local Rule 2002(1)(F) and file a certificate of service with the Court.